**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4612**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DISHANNON MATTHEW LUTHER WORKMAN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Bruce H. Hendricks, District Judge.  (6:22-cr-00355-BHH-1)

Submitted:  April 20, 2023                          Decided:  April 24, 2023

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Christopher Braden Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dishannon Matthew Luther Workman pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e). The district court sentenced Workman to 96 months' imprisonment and a three-year term of supervised release. On appeal, Workman's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court imposed a procedurally unreasonable sentence by failing to consider Workman's mitigation arguments relating to his mental health. Workman has filed a pro se supplemental brief asserting the same claim and that counsel was ineffective for failing to argue for a downward departure based on diminished capacity. The Government has moved to dismiss the appeal pursuant to the appeal waiver in Workman's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Upon review of the record, including the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Workman knowingly and voluntarily waived his right to appeal and that his challenge to the procedural reasonableness of his sentence falls squarely within the scope of the appeal waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope. The waiver provision, however, excepted

2

claims of ineffective assistance of counsel.  We therefore deny in part the Government's motion to dismiss.

Although Workman's ineffective assistance claim falls outside the scope of the appeal waiver, "we will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up).  Because the present record does not conclusively show that trial counsel rendered ineffective assistance, Workman's claim is not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Workman's valid appeal waiver.  We therefore dismiss the appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment.  This court requires that counsel inform Workman, in writing, of the right to petition the Supreme Court of the United States for further review.  If Workman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Workman.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*